Brown v. Davis.

Reversed and remanded.

## JOHN I. BROWN

### v.

## MICHAEL J. DAVIS.

ADVANCING CAUSE—FIVE-DAY RULE.—The rule of the Superior Court of Cook county, known as the " five-day rule," providing for the advancement of certain causes and their trial out of their regular order on the docket, is in violation of the Constitution and statutes regulating practice.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. S. K. Dow, for plaintiff in error; cited Nelson v. Akeson, 1 Bradwell, 165.

Per Curiam. Defendant in error brought suit in the Superior Court of Cook county, returnable at the November term of that court, 1877, to recover upon a promissory note. At the December term the cause was advanced by the court and tried out of its order on the docket over the objection of the plaintiff in error, by virtue of the following rule of practice then in use in that court: "Ordered, That in any case *ex contractu*, pending on an issue or issues of fact only, or only requiring the *similiter* to be added, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, the plaintiff, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court on a day to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the time specified in said notice, unless it shall be made to appear to the court by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order on the trial calendar."

This action of the court was excepted to at the time.

It has been repeatedly held by this Court that the rule above referred to was in violation of the Constitution and statutes passed in pursuance thereof, and was therefore void, and of no effect. Nelson v. Akeson, 1 Bradwell, 165; Sea v. Glover, Id. 365.

It was error to advance and try the cause out of its order on the docket, for which the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.